IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JEREMIAH HENDERSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19cv00685 |
| | ) | |
| v. | ) | |
| | ) | |
| **AUSTIN K. MCCLAIN,** | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter is before the court on Plaintiff Jeremiah Henderson's motion to consolidate his separate actions against Austin McClain, a City of Roanoke police officer, and the City of Roanoke [ECF No. 59].

On October 19, 2019, Jeremiah Henderson filed this case against Roanoke Police Officer Austin McClain in his individual capacity. Henderson seeks damages under 42 U.S.C. § 1983 for false arrest and malicious prosecution. On May 15, 2020, seven months later, Henderson filed case 7:20-cv-281, *Henderson v. Roanoke*, seeking a declaratory judgment and nominal damages against the City of Roanoke due to the City's alleged failure to properly abide by the dictates of Virginia Code § 15.2-1717.1, which governs Virginia's trespass bar program. Only one week after filing his suit against the city, Henderson filed the instant motion seeking to consolidate his two cases.

A court may consolidate two cases if the "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). In evaluating a motion to consolidate, this Court considers "whether the specific risks of prejudice and possible confusion [are] overborne by

the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Here, the two cases are largely based on separate facts, involve distinct legal issues, and reside at different procedural stages. In light of these differences, I conclude that maintaining separate proceedings will expedite and economize the decisional process for all parties and mitigate the risk of prejudice. Henderson's motion to consolidate will therefore be denied.

The clerk is directed to forward a copy of this Memorandum Opinion to Plaintiff and all other counsel of record.

**ENTERED** this  22nd  day of September, 2020.

_____
UNITED STATES DISTRICT JUDGE